# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEWAYNE ANDERSON,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 19-1262-EFM-GEB<br>) |
| **COMCARE OF SEDGWICK COUNTY,** et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## ORDER ON MOTION TO APPOINT COUNSEL
## AND
## RECOMMENDATION OF DISMISSAL

This matter is before the Court on Plaintiff DeWayne Anderson's Motion to Appoint Counsel (ECF No. 12). As set forth below, Plaintiff's Motion (ECF No. 12) is **DENIED**. Additionally, on November 12, 2019, this Court ordered Plaintiff to amend his Complaint in a manner compliant with Fed. R. Civ. P. 8 or face recommendation of dismissal. (Order, ECF No. 9.) In response, Plaintiff timely filed an Amended Complaint; however, it still fails to comply with Rule 8. Therefore, the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), issues the following report and recommendation of **DISMISSAL**.

## I. Background

On October 9, 2019, after review of Plaintiff Dewayne Anderson's Complaint (ECF No. 1) and Motion to Proceed Without Prepayment of Fees (ECF No. 3), this Court ordered Plaintiff to appear in person for a hearing to assist the Court in determining

whether his claims should proceed. (Order, ECF No. 4.) After two returned mailings (ECF Nos. 5, 8) and an unreturned phone call (*see* docket entries dated Oct. 25, 2019, and Nov. 5, 2019), the Court received a Notice of Change of Address which indicates Plaintiff is currently detained at the Sedgwick County Detention Facility. (Notice, ECF No. 7.)

Due to his current incarceration, the undersigned issued a written order in lieu of the in-court discussion with Plaintiff. In its Order, the Court granted the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) but instructed Plaintiff to amend the Complaint, outlining how the original Complaint (ECF No. 1) was deficient when applying the pleading requirements of Fed. R. Civ. P. 8. (Order, ECF No. 9.)

In the Complaint, Plaintiff names a number of defendants, marks a box to claim the case arises due to violations of his civil or equal rights under 28 U.S.C. § 1343, and alleges the defendants violated his rights by taking his liberty from him. However, Plaintiff's naming of at least two defendants ("St. Joseph" and "Judge John Doe") was unclear, and he did not supply the official position of each defendant or address of each. For example, he noted Tim Kaufman is a "Director," but did not identify, to the best of his knowledge, for what entity Kaufman acts as Director, and likewise did not clarify the relationship of all defendants to his claims. He also named "St. Joseph," as a defendant but does not identify if this named defendant is a hospital or some other entity and its relationship to his claims. (See ECF No. 1, at 2.)

Additionally, the Complaint did not supply enough facts or clearly state how each of the named defendants allegedly violated his rights, aside from his conclusory

statement that the defendants "conspired and retaliated [against him] for filing [a] civil suit against the W.P.D" (assumed to be the Wichita Police Department) (*Id*. at 3), and he wants the defendants to "stop harassing, neglecting, discriminating and retaliating." (*Id*. at 4.) The absence of facts outlining what each named defendant did to violate his rights makes it impossible for any defendant to have fair notice of what is being alleged against it.

In its earlier Order, the Court specifically instructed Plaintiff to include the following in his amended pleading:

- clearly identify each defendant and his/her address (or last known address);

- specifically explain what each named defendant did to him by providing facts indicating how each defendant violated his rights;

- when each defendant violated his rights;

- how each defendant's action harmed him;

- what specific legal right Plaintiff believes each defendant violated; and[1]

- the specific types of relief Plaintiff seeks, including the amount of damages claimed and the reasons Plaintiff believes he is entitled to such damages.

(Order, ECF No. 9 at 6-7.)

## II. Sufficiency of the Amended Complaint

As ordered, Plaintiff filed an Amended Complaint; however, as described below, the Court finds his amendment is equally deficient.

---

[1] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice* Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007).

## A. Legal Standard

As stated above, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal of the case is required if the Court determines the action fails to state a claim upon which relief may be granted.

This Court reviews the sufficiency of the Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[3] "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[4]

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[5] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[6] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[7] Fed. R. Civ. P. 8 "demands more than naked assertions."[8]

---

[2] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[3] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[4] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
[5] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[6] *Id*.
[7] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[8] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

Ultimately, this Court must ascertain whether Plaintiff's claim provides the defendant with sufficient notice of his claims such that the defendant could prepare an appropriate answer.[9] Under Rule 8(a), a complaint must contain three minimal pieces of information: (1) the pleading should contain a short and plain statement of the claim showing that the plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the court's jurisdiction; and (3) a statement of the relief requested.

If a complaint is "too general," then it will not provide fair notice to defendants.[10] Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[11] To pass muster, a complaint requires more than "labels and conclusions."[12] If the Court finds Plaintiff's Amended Complaint fails to meet these standards, even after construing the allegations liberally, the Court "is compelled to recommend that the action be dismissed."[13]

**B. Discussion**

After review of the Amended Complaint, this Court finds the one-page document, on its face, likewise does not comply with the pleading requirements of Rule 8. Although Plaintiff makes some effort to identify some named defendants, for most he provides no

---

[9] *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).
[10] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).
[11] *Id.* (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).
[12] *Singleton v. Convergys Corp.*, No. 16-2614-DDC-GLR, 2016 WL 11397820, at *2 (D. Kan. Sept. 21, 2016), *report and recommendation adopted*, No. 16-2614-DDC-GLR, 2016 WL 7030056 (D. Kan. Dec. 2, 2016) (quoting *Bell Atl. Corp*, 550 U.S. at 555).
[13] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8).

addresses for which service might be undertaken. He does not identify the location of "St. Joseph Hospital," or any underlying facts for how he arrived there. He also includes an additional defendant, Dr. Yang, who was not included in his initial Complaint, but is only identified by his/her last name. Although he identifies Tim Kaufman as a "chairperson on commissioner [sic] [and] a top Director of mental health services" he does not identify with which agency Mr. Kaufman works, as required by the Court's earlier order.

Even if he had supplied such information, his one-page Amended Complaint against twelve named defendants still does not supply enough facts or clearly state how each of the named defendants allegedly violated his rights, aside from his conclusory statements. He claims a security guard beat him, and a judge and Tisha Darland (program director of an unspecified program) approved some unspecified unjust treatment by a therapist, John Bayer (or Barryer). (ECF No. 11.) It appears Plaintiff was either incarcerated or involuntarily committed on his birthday due to some unclear actions, which Plaintiff blames on a variety of individuals. Plaintiff increases his monetary demand from $1 million in his original Complaint to $10 million. (*Id.*)

As in his initial Complaint, the absence of facts outlining what each named defendant did to violate his rights makes it impossible for any defendant to have fair notice of what is being alleged against it.[14] Furthermore, his lack of identification of each

---

[14] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

defendant—even after clear instruction from this Court—makes it impossible for the Court to achieve service under 28 U.S.C. § 1815(d).

Rule 8 does not require Plaintiff to state precisely each element of his claim or describe every fact with specific detail, but it does require him to set forth sufficient factual allegations on which a recognized legal claim could be based.[15] Plaintiff's opinions of what happened "are not sufficient when no facts are alleged by way of the statement of the claim."[16] Neither are labels or allegations of conclusions sufficient when no facts are alleged.[17]

Additionally, in Plaintiff's initial Complaint he names a "Judge John Doe," then in his Amended Complaint he includes a statement regarding a "Judge Ramsey." But any claim(s) against Judge Ramsey or the John Doe Judge named in the original complaint—whether or not they are the same person—is likely to be dismissed for absolute judicial immunity.[18] Likewise, any claims against the Wichita Police Department or its Chief of Police would certainly face a qualified immunity defense.[19]

---

[15] *Henderson*, 1997 WL 723432, at *2; *Hall*, 935 F.2d at 1110.
[16] *Id.* (quoting *Bryan*, 578 F.2d at 1321); *see also Swanson*, 750 F.2d at 813.
[17] *Id.*; *Singleton*, 2016 WL 11397820, at *2.
[18] "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014) (quoting *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008)).
[19] *See, e.g., Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (explaining, "When a defendant raises a qualified immunity defense, the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation. . . . The court may address these requirements in any order.") (internal citations omitted).

In conclusion, the absence of facts to plausibly support his claim makes it impossible for Defendants to have fair notice of what is being alleged against them.[20] The Court, as it is required to do, has construed Plaintiff's pleadings liberally,[21] and has given Plaintiff two opportunities to submit his claims in an articulable fashion. However, Plaintiff's Amended Complaint still fails to allege facts supporting a cognizable claim. Therefore, the Court **RECOMMENDS** dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[22]

The Court also notes this is one of five (5) civil cases filed by Plaintiff in this District—four of which were filed within three months of one another.[23] Two of his claims have been dismissed prior to any discovery occurring, and this Court is recommending dismissal of another by separate order.[24] In light of this, the undersigned also recommends to the District Court that this Plaintiff be given filing restrictions. "The

---

[20] *Weaver*, 1995 WL 783628, at *7, *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

[21] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

[22] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver,* 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

[23] *See Anderson v. Bush*, No. 16-1376-JTM-GEB (D. Kan. filed Sept. 29, 2016, terminated Aug. 8, 2017 on defendants' motion to dismiss; decision affirmed in *Anderson v. Arnold*, 710 F. App'x 343 (10th Cir. 2018)); *Anderson v. Wilcox*, No. 19-1263-EFM-KGG (D. Kan. filed Sept. 27, 2019; terminated Nov. 26, 2019 after the district court upheld the magistrate judge's recommendation of dismissal); *Anderson v. Wichita Police Dept.*, No. 19-1265-JWB-GEB (D. Kan. filed Sept. 30, 2019; pending); *Anderson v. Easter*, No. 19-3257-SAC (D. Kan. habeas proceeding filed Dec. 16, 2019).

[24] *See Anderson v. Wichita Police Dept.*, No. 19-1265-JWB-GEB (a recommendation of dismissal is being filed in this case by the undersigned U.S. Magistrate Judge.)

goal of fairly dispensing justice is compromised when the court is forced to devote limited resources to processing repetitious and frivolous" requests.[25]

### III. Motion to Appoint Counsel

For parties who do proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[26] But there is no constitutional right to counsel in a civil action.[27]

In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[28] In *Castner v. Colorado Springs Cablevision*,[29] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[30] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[31]

---

[25] *Punchard v. U.S. Gov't*, 290 F. App'x 160, 162 (10th Cir. 2008) (upholding the district court's imposition of filing restrictions) (quoting *In re Sindram*, 498 U.S. 177, 180 (1991)).
[26] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[27] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[28] *Jackson*, 2014 WL 494789, at *1.
[29] *Castner*, 979 F.2d 1417.
[30] *Castner,* 979 F.2d at 1421.
[31] *Jackson,* 2014 WL 494789, at *3.

Applying the *Castner* factors to this case, the Court finds it inappropriate to appoint counsel at this time. Although Plaintiff was granted the ability to proceed *in forma pauperis*, demonstrating an inability to afford counsel, the remainder of the *Castner* prongs are not satisfied. Plaintiff has not convinced the Court of his diligence in searching for counsel. This Court's form "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel" makes clear that the Court typically requires a plaintiff to discuss his or her case with at least five attorneys before seeking court-ordered representation. However, this section of Plaintiff's motion is blank. And, as described above, the Court recommends this case be dismissed for failure to state a cognizable claim. Therefore, finding his claim lacks merit, the Court **DENIES** Plaintiff's request for appointed counsel (**ECF No. 12**).

## IV. Conclusion

For the reasons set forth above,

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Amended Complaint (**ECF No. 11**) be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, the undersigned also **RECOMMENDS** filing restrictions be imposed against Plaintiff Dewayne Anderson.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 12**) is **DENIED**.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R.

Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[32]

**IT IS FURTHER ORDERED** that no summons shall issue in this case until further order of the Court.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2020, at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[32] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).